UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN E. WEBER,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

                Defendant.

CASE NO. 13-cv-05872 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 7). This matter has been fully briefed (*see* ECF Nos. 15, 16, 17).

After considering and reviewing the record, the Court concludes that the ALJ erred in evaluating the opinion from treating ophthalmologist, Dr. Bushley, by repeatedly

relying on an erroneous finding that the treating doctor had failed to conduct the required diagnostic testing. This error affected the ALJ's evaluation of all aspects of Dr. Bushley's opinion, leading the ALJ to make further findings that were not based on substantial evidence.

Therefore, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, ROBIN E. WEBER, was born in 1960 and was 48 years old on the amended alleged date of disability onset of April 1, 2009 (*see* Tr. 311, 96). Plaintiff attended school through the tenth grade and later obtained his GED (Tr. 130). He attended a culinary school, but was unable to complete the course because his wife was ill and they had a 5 year old and a new baby (*id.*). Plaintiff has worked as a sales associate, personal attendant, line cook, day laborer, and sales associate/assistant manager (Tr. 372-79). Plaintiff was last employed as a graveyard clerk for a convenience store but quit because of his physical limitations (Tr. 130-31).

The ALJ found that plaintiff has at least the severe impairments of "lumbar degenerative disc disease, sleep apnea, obesity, episcleritis, mood disorder and substance disorder (20 CFR 404.1520(c) and 416.920(c))" (Tr. 13).

At the time of the hearing, plaintiff was living with his wife, an adult daughter, and granddaughter (Tr. 98-99).

//

//

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 178, 180, 189-93, 202-03, 204-07). Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on July 12, 2011 (*see* Tr. 91-161). A supplemental hearing occurred on October 25, 2011 (Tr. 32-90). On January 26, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.11-25).

On August 7, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-4). *See* 20 C.F.R. § 404.981.

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Did the ALJ err by rejecting the treating ophthalmologist's diagnosis of "iritis" based on a misreading of the medical record about the existence of a "slit lamp" examination; and (2) Did the ALJ follow SSR 96-8p when assessing the RFC and are the step 5 findings based on that RFC supported by law and fact (*see* ECF No. 15, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Did the ALJ err by rejecting the treating ophthalmologist's diagnosis of "iritis" based on a misreading of the medical record about the existence of a "slit lamp" examination?**

The ALJ did not find that iritis was a severe impairment and rejected the treating ophthalmologist's opinion based on a finding that "a slit lamp examination was needed to make such a diagnosis and this procedure had not been performed;" and because "Although Matthew Bushley, M.D., in a form submitted after the second hearing, indicated that he used a slit lamp to make the diagnosis of their iritis, there is no medical record to confirm this allegation" (*see* Tr. 15).

Defendant concedes that the ALJ erred in making this finding, and notes that "the record contains Dr. Bushley's records of December 16, 2010 (Tr. 1305), December 30, 2010 (Tr. 1304), and January 31, 2011 (Tr. 1303), which noted that he conducted a 'SLE' or slit lamp exam in rendering his assessments that included iritis" (Response, ECF No. 16, p. 8 (*citing* Tr. 1303, 1304, 1305)). The Court notes that the record substantiates that on three occasions Dr. Bushley performed a SLE examination (*see* Tr. 1303-05). Defendant, however, argues that this error is harmless error because "the ALJ also provided, and therefore relied on, another reason for rejecting Dr. Bushley's [] opinion[s]" (Response, ECF No. 16, p. 8 (*citing* Tr. 22, 1279, 1298-1300, 1326)).

Here, plaintiff argues persuasively that the ALJ's error is not rendered harmless by the remainder of the rationale with respect to the contradicted opinion of treating ophthalmologist, Dr. Bushley.

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But if a treating physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Here, the ALJ's error in improperly discrediting the treating ophthalmologist's opinion due to an improper finding of a lack of substantiation from objective medical evidence and failure to conduct required diagnostic testing affected the ALJ's other

rationale when analyzing Dr. Bushley's opinion (*see* Tr. 15, 22). For example, when discussing the opinion evidence, the ALJ again errs when she discredits the letter from Dr. Bushley in December 2010 as lacking medical support in the record (*see* Tr. 22). Furthermore, the ALJ gave only some weight to Dr. Bushley's completion of a visual medical source form based on a finding that one of his opinions was "guesswork" based on "what the claimant told the doctor" (*see id.*).

Based on a review of the record, the Court concludes that had the ALJ not erred in finding that no objective evidence supported this doctor's opinions, the ALJ would have been less likely to discredit other opinions of Dr. Bushley with a finding that they were "guesswork" based on plaintiff's report. Similarly, although Dr. Bushley did not provide the objective basis for the opinion requested of him regarding other physical limitations, this fact does not provide substantial evidence for the ALJ's finding that Dr. Bushley was biased and "merely advocating in support of disability, rather than providing objective medical information and well-founded opinions" (*see* Tr. 22).

The ALJ's erroneous finding that the treating ophthalmologist did not complete the required diagnostic testing before making a diagnosis affected generally the ALJ's evaluation of this doctor's opinion. Therefore, the Court concludes that the ALJ's error in the evaluation of Dr. Bushley's opinion is harmless only if Dr. Bushley's opinion, substantiated by objective medical evidence, is irrelevant to the ultimate nondisability conclusion, and if it's improper rejection did not alter the outcome of the case.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, as noted by plaintiff, the ALJ provided no vision related limitations in plaintiff's residual functional capacity [RFC] (*see* Opening Brief, ECF No. 15, p. 14; Reply Brief, ECF No. 17, p. 5). The Court notes the opinion from the treating ophthalmologist, Dr. Bushley, that plaintiff's "eye problems significantly limit his ability to do visual functions," such as reading, using the computer, and driving (*see* Tr. 1299) and also notes his opinion that plaintiff would require unscheduled breaks regularly due to his eye pain (*see* Tr. 1300). He opined that this would happen 1 to 2 times per half day, for 10 to 15 minutes at a time (*see id.*). Plaintiff's RFC and the hypothetical presented to the vocational expert [VE] do not include such limitations (*see* Tr. 18, 82-83). Importantly, the VE testified that if an individual with plaintiff's RFC required two

breaks every four hours for about 15 minutes to rest and close his eyes, such individual would not be able to maintain competitive employment (*see* Tr. 87; *see also* Tr. 86). Therefore, the ALJ's failure to accommodate the opinion from Dr. Bushley is not harmless error.

For the reasons stated and based on the relevant record, the Court concludes that the ALJ erred in the evaluation of the opinion of treating ophthalmologist, Dr. Bushley, and that this error is not harmless. Therefore, this matter is reversed.

**(2) Did the ALJ follow SSR 96-8p when assessing the residual functional capacity [RFC] and are the step 5 findings based on that RFC supported by law and fact?**

Because the Court has concluded that this matter must be reversed due to errors in the evaluation of the medical evidence, *see supra*, section 1, plaintiff's RFC and any step five findings, as necessary, must be made anew following remand of this matter.

**(3) If this matter should be remanded for further administrative proceedings**.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

1
2
3

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. The medical evidence regarding plaintiff's iritis and the opinion by Dr. Bushley must be evaluated anew. It is clear that Dr. Bushley opined that plaintiff's limitations would be variable (*see, e.g.,* Tr. 1299).The extent of plaintiff's limitations in this area require further evaluation. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).  If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 24th day of June, 2014.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge